IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MICHEAL WALKER
ADC #114013                                                                                              PLAINTIFF

V.                                          NO: 2:08CV00026 WRW/HDY

GOODMAN *et al.*                                                                                       DEFENDANTS

## FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on February 28, 2008, alleging that he was issued the wrong medication on September 20, 2007. Plaintiff named as Defendants Beverly Goodman, a nursing assistant; Charlotte Green, the health services administrator; Wendy Kelley, an Arkansas Department of Correction deputy director; and AllCare Correctional, LLC ("AllCare), the pharmacy. Now pending are motions to dismiss and briefs in support filed by Kelley (docket entries #14 & #15), and Goodman and Green (docket entries #26 & #27). On April 16, 2008, Plaintiff filed his responses to both motions (docket entries #37 & #38). The Court will consider each motion separately.[1]

### **I. Standard of review**

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state

---

[1] On April 17, 2008, AllCare filed a motion to dismiss based on a settlement.

a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974. Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well. *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008).

Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, a Dr. Clark prescribed him an Albuterol inhaler. On September 20, 2007, Plaintiff went to the infirmary to pick up the medication, and Goodman gave him a bottle marked by the pharmacy as an Albuterol inhaler. Although the bottle contained pills, Plaintiff took them anyway, and began to have headaches, nausea, an elevated pulse, and other symptoms. After five days, Plaintiff returned to the infirmary, and reported the symptoms to Green, and it was discovered that Plaintiff had been taking the wrong medication. Plaintiff alleges that Green wrote him a letter of apology, and informed him that the issue had been reported to the

pharmacy as a dispensing error.

*A. Wendy Kelley*

Although Plaintiff's complaint alleges no facts to indicate Kelley was involved in the dispensing error, he seeks to hold her liable because she is "over the whole C.M.S., and that's [where] the grievance procedure ends." In her motion, Kelley asserts that Plaintiff's complaint fails to state a claim for relief against her, and also asserts sovereign and qualified immunity.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Even if all of Plaintiff's allegations are true, Plaintiff's complaint does not state a claim for relief against Kelley. There is no allegation that Kelley was involved in filling Plaintiff's prescription, nor is there an allegation that she dispensed it. It appears that Plaintiff is attempting to hold Kelley liable on a *respondeat superior* theory. However, it is undisputed that defendants

4

cannot be held liable under § 1983 on a *respondeat superior* basis. *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). Prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Kelley was not personally involved in the dispensing error, and Plaintiff has alleged no facts to indicate corrective inaction amounting to deliberate indifference, or that she tacitly authorized any medication errors or constitutional violations. Accordingly, Kelley's motion should be granted.

*B. Beverly Goodman and Charlotte Green*

In his complaint, Plaintiff alleges that Goodman actually gave him the wrong medication, without checking it first. Plaintiff seeks to impose liability upon Green because she is the administrator, and is responsible for the infirmary's operations, and ensuring that medication is dispensed correctly. Plaintiff also suggests that Goodman, as a certified nursing assistant, is not certified to distribute prescribed medication.

As discussed above, to state a claim for a constitutional violation, Plaintiff must allege that officials deliberately disregarded his serious medical needs. According to Plaintiff's complaint, Goodman provided him with a bottle of medication which was marked by the pharmacy as the medication he had been prescribed. Plaintiff does not contend that Goodman intentionally filled the bottle with the wrong medication, but only that she failed to ensure that it was the correct medication. These factual allegations do not support a claim of medical indifference. At most, Plaintiff has stated a claim for negligence against Goodman. However, as also stated above, negligence is not actionable in a § 1983 case. Additionally, although Plaintiff suggests that

Goodman is not certified to distribute medication, the Court is unaware of, and Plaintiff has not cited to, any law requiring any specific certification for those distributing medication. Thus, Plaintiff has failed to state a claim against Goodman.

Plaintiff's complaint alleges that Green is the administrator of the infirmary, and responsible to ensure that the infirmary is operated in a professional manner, and that medication is dispensed correctly. In his response to her motion, Plaintiff also suggests that Green is responsible for an uncertified staff member distributing medication without proper supervision. To the extent Plaintiff is suggesting Green should be held liable as the infirmary supervisor, the Court again observes that *respondeat superior* is not actionable in a § 1983 case. There is no allegation that Green was personally involved in the dispensing error, or that she turned a blind eye to any constitutional violation. Rather, Plaintiff's complaint indicates that Green wrote him a letter of apology, and "ensured" that his medication would be dispensed correctly in the future. Green also advised Plaintiff that the error had been reported to the pharmacy, as it was the pharmacy which had put the wrong label on the medication. Such actions do not demonstrate deliberate disregard for Plaintiff's medical condition. At most, Plaintiff has alleged negligence on the part of Green, which, as discussed above, is not actionable. To the extent that Plaintiff contends that Green is responsible to ensure that staffers distributing medication have a special certification, the Court again states that it is unaware of any such requirement the violation of which would establish deliberate indifference on Green's part.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Wendy Kelley's motion to dismiss (docket entry #14) be GRANTED, and

Plaintiff's claims against Kelley be DISMISSED WITH PREJUDICE.

2. The motion to dismiss filed by Beverly Goodman, and Charlotte Green (docket entry #26) be GRANTED, and Plaintiff's claims against Goodman and Green be DISMISSED WITH PREJUDICE.

3. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___1___ day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE